**Chris JAURIGUI, on behalf of himself and all persons similarly situated, Plaintiff,**

v.

**ARIZONA BOARD OF REGENTS, Defendant.**

**No. Civ. 77–112 Phx. WPC.**

United States District Court, D. Arizona.

March 21, 1979.

John D. Lyons, Jr. of Robbins, Green, O'Grady & Abbuhl, Phoenix, Ariz., for plaintiff.

Stephen K. Smith, Asst. Atty. Gen., State of Arizona, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff Jaurigui has alleged that defendant Arizona Board of Regents has discriminated against him by refusing to promote him because of his Mexican-American national origin and his Spanish surname. Jaurigui also has sued on behalf of a class defined as all employees of Arizona State University who are, have been and will be denied the right to equal employment opportunities because the Board of Regents discriminates against Mexican-Americans and Spanish-surnamed Americans in hiring, compensation, promotions and other employment practices. The Board of Regents has moved to dismiss the class allegations of the plaintiff in his complaint for the reason that the adequate representation prerequisite for maintaining a class action under Rule 23(a) of the Federal Rules of Civil Procedure cannot be met.

The Rule 23(a)(4) requirement that the representative parties must fairly and adequately protect the interest of the class necessitates competent counsel. *See, e. g., Fendler v. Westgate California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975); 3B Moore's Federal Practice ¶ 23.07[1] (2d ed. 1978). Fair and adequate representation, though, also requires that the representa-

tives themselves be of a character that assures vigorous prosecution of the action. *See In re Goldchip Funding Co.,* 61 F.R.D. 592, 594 (M.D.Pa.1974) (personal qualities of the representatives are relevant and necessary in determining whether the representative parties will fairly and adequately protect the interest of the class); 7 C. Wright & A. Miller, Fed. Prac. & Proc. § 1766 (1972). Those qualifies include acting in the best interest of the absent class members, independently examining the decisions of counsel, and otherwise playing an active role in the litigation to protect the interests of absent class members. *See generally, Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1305 (4th Cir. 1978) ("[B]y asserting a representative role on behalf of the alleged class, [the plaintiffs] voluntarily accepted a fiduciary obligation towards the members of the putative class they thus have undertaken to represent."); *Weisman v. Darneille,* 25 F.R. Serv.2d 349, 351 (S.D.N.Y.1978) ("The class . . . must . . . be assured that it will have an adequate representative, one who will check the otherwise unfettered discretion of counsel in prosecuting the suit."); *In re Goldchip Funding Co., supra,* 61 F.R.D. at 594 ("The class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives.").

The Board of Regents has argued that the new law firm retained by plaintiff has presented a conflict-of-interest problem because the individual who formerly represented the Board as state attorney general and who now participates as an ex officio member of the Board of Regents is married to a partner of the law firm presently representing Jaurigui. Some ethical opinions indicate that because of the inherent conflict of interest, neither a spouse nor a spouse's firm may defend an accused person prosecuted by the other spouse or by a public prosecutor's office with which the other spouse is employed. *See* State Bar of Arizona, Ethical Opinion No. 73–6 (March 20, 1973). A more recent ethical opinion advises that there is no inherent conflict or violation of ethical rules where lawyer-spouses represent differing interest so long as the lawyer-spouses never try a case

against each other. *See* State Bar of Arizona, Ethical Opinion No. 77–13 (May 11, 1977). *See also* A.B.A. Formal Opinion 340 (Sept. 23, 1975). Here the partner of plaintiff's law firm who is married to the former attorney general is not participating in the case. Thus, there appears to be no inherent conflict of interest or violation of ethical rules.

■ Even the more recent ethical opinions, though, impose an obligation upon a lawyer "to advise his or her client of all the circumstances that might cause one to question the undivided loyalty of the lawyer or *law firm* and to allow the client to make the decision as to the retention or employment." *Id.* Ethical Opinion No. 77–13 at 6 (emphasis added). That a partner of plaintiff's law firm is married to one who is the member of the group being sued, here the Board of Regents, and was formerly the head of the office that represents the defendant is a circumstance that might cause a plaintiff to question the undivided loyalty of the law firm representing the plaintiff. The question of undivided loyalty directly concerns the adequacy of representation for purposes of maintaining a class action and clearly requires careful consideration and an independent decision by the named plaintiff since unnamed plaintiffs cannot be apprised of the questionable circumstance and decide for themselves whether the law firm representing them should continue to do so.

■ The record shows that Jaurigui has consistently deferred to the recommendations and opinions of his counsel. He has not objected to the delay in seeking class certification or the proposed settlement advantageous to himself and his counsel but not to unnamed plaintiffs. Thus, this Court concludes that Jaurigui is not in a position to decide on behalf of absent class members whether the present law firm should continue to represent the plaintiffs.

Jaurigui has made no attempt to obtain class certification since the filing of this suit over two years ago. His failure "to protect the interest of class membership by moving for class certification in a timely manner is a strong indication of the adequacy of representation those class members may expect to receive in this case." *Buckner v. Cameron Iron Works, Inc.,* 25 F.R.Serv.2d 649, 650–51 (S.D.Tex.1978).

The deposition of Jaurigui reveals that he is unaware of the major events in the case and has deferred to counsel consistently on the progress and direction of the suit. It cannot be said that Jaurigui has played a role in the litigation to date that would infer that he has either the desire or ability to protect the interests of absent class members.

This Court must critically evaluate the propriety and adequacy of representation accorded absent class members, since the notice and opt-out privilege provision of Rule 23(c)(2) do not apply here. *See Grigsby v. North Mississippi Medical Center, Inc.,* 586 F.2d 457 (5th Cir. 1978). Upon close examination of plaintiff's conduct, the Court concludes Jaurigui cannot fairly and adequately protect the interest of the class he seeks to represent. Therefore,

IT IS ORDERED:

The defendant's motion to strike class allegations is granted.