Clyde C. OWEN, Plaintiff-Appellant,

v.

**MODERN DIVERSIFIED INDUSTRIES, INC. et al., Defendants-Appellees.**

Clyde C. OWEN, Plaintiff-Appellant, Cross-Appellee,

v.

**MODERN DIVERSIFIED INDUSTRIES, INC., Defendant-Appellee, Cross-Appellant.**

**Nos. 79–1050–51, 79–1066.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 15, 1980.

Decided March 11, 1981.

Everett B. Gibson and Gregory B. Fletcher, Laughlin, Halle, Regan, Clark & Gibson, Memphis, Tenn., Clyde C. Owen, Jr., Ball, Ball, Duke & Matthews, P. A., Albert W. Copeland, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for plaintiff-appellant, cross-appellee.

Frank A. Lightmas, Jr., Edgar H. Sims, Jr., Kutak, Rock & Huie, Atlanta, Ga., John W. Slater, Jr., George E. Morrow, Martin, Tate, Morrow, Marston, Robert Johnson, Donald R. Wellford· and Mary Lee Wolff, Memphis, Tenn., for defendant-appellee, cross-appellant.

Before KENNEDY and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Can the holder of a small number of shares of corporate stock of minimal value, who also owns debentures of substantial value, issued by the same corporation, and whose stated primary concern is to protect his investment in debentures, maintain a derivative action under Fed.R.Civ.P. 23.1?[1] The district judge held that plaintiff-appellant Clyde C. Owen does not "fairly and adequately represent the shareholders." He found that Owen owned only 24 shares of stock in· the defendant corporation, whose value did not exceed $21.00, and debentures of the same corporation with a face value of $34,900. The court further found that "Owen's real concern is to protect his status as holder of the debentures, and not to protect his miniscule investment as a shareholder," and dismissed the complaint. Owen appeals. We affirm.

I

Owen filed the shareholder's derivative action on behalf of Modern Diversified Industries, Inc. (MDI) against numerous defendants. MDI is a Florida Corporation with its principal place of business in the Western District of Tennessee. Owen alleged that the defendants breached their fiduciary obligations in various particulars set forth in the complaint, unjustly enriching themselves and wrongfully causing loss and damage to MDI and its stockholders. He asserted that these transactions violated the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq.

The jurisdiction of the district court over the Securities and Exchange Act violations alleged by Owen was based upon 15 U.S.C. § 78aa. The jurisdiction of the district court over the alleged State law claims was based upon that court's pendent jurisdiction. These claims arose from a nucleus of operative facts common to the federal claims and the federal claims were substantial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Seals v. Quarterly County Court of Madison County, Tenn.*, 562 F.2d 390 (6th Cir. 1977).

The district court dismissed the complaint because it found that Owen's real concern

---

1. Rule 23.1 provides:
   The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

was to protect his investment in MDI debentures. The district judge quoted from Owen's deposition, including the following:

A. [Owen] It goes without saying if I could get my hundred cents on the dollar for my debentures, I would be glad to forego any moneys. I'm adding this, not at the advice of my counsel but the value of the stock would be such an insignificant value as compared to the value of a hundred cents on the dollar for the debentures. But it's my understanding that this is a legal procedure that I should have followed and should follow in order to protect my overall interest.

Q. You're mostly interested in the debentures?

A. I'm interested in dollars, brother and getting my dollars protected, protecting my dollars.

Q. If you could get that hundred cents on the debenture, that 24 shares of stock—

A. (Interposing) I think that would be obvious to anybody, . . . .

Upon the basis of Owen's above-quoted testimony, the district court concluded:

In this situation, we believe Owen could not fairly and adequately represent the interests of MDI's other shareholders. There is a strong probability that this derivative action would be used merely as a device to obtain leverage in negotiations with MDI concerning the debentures held by Owen. Owen's interest in protecting his de minimis investment in the corporation's common stock would obviously give way to his interest in receiving "a hundred cents on the dollar" for his debentures.

In such circumstances, where there is a substantial likelihood that the derivative action will be used as a weapon in the plaintiff shareholder's arsenal, and not as a device for the protection of all shareholders, other courts have properly refused to permit the derivative action to proceed. *Blum v. Morgan Guaranty Trust Co.*, 539 F.2d 1388 (5th Cir. 1976); *G. A.*

*Enterprises, Inc. v. Leisure Living Communities, Inc.*, 517 F.2d 24 (1st Cir. 1975); *Robinson v. Computer Servicenters, Inc.*, 75 F.R.D. 637 (N.D.Ala.1976). For the reasons expressed in this opinion, and in those cases, this court holds that the instant action may not be maintained. . . . We hold that a person who owns a negligible amount of stock in a corporation and holds corporate debentures in substantial amounts, cannot bring a shareholder derivative action for the admitted purpose of protecting his interest as a creditor of the corporation.

■ The issue of whether a stockholder can fairly and adequately represent the corporation and other stockholders in a derivative action under Rule 23.1 addressed itself to the sound discretion of the district court. *Hornreich v. Plant Industries*, 535 F.2d 550 (9th Cir. 1976). The action of the district court will not be set aside by this court unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *McBee v. Bomar*, 296 F.2d 235, 237 (6th Cir. 1961).

■ The language of Rule 23.1 (see n. 1) imposes, among others, two requirements. First, the representative plaintiff must fairly and adequately represent the interests of the similarly situated shareholders. Second, the representative plaintiff must bring the derivative action primarily to enforce the right of the corporation.

The fairness and adequacy requirement of Fed.R.Civ.P. 23.1 means that the representative plaintiff must have no antagonistic interests that will prevent him from fairly and adequately representing the interests of the similarly situated shareholders. *Davis v. Comed, Inc.*, 619 F.2d 588, 593 (6th Cir. 1980). Certain outside entanglement may make it likely that the interests of other shareholders will be disregarded. *G. A. Enterprises, Inc. v. Leisure Living Communities*, 517 F.2d 24 (1st Cir. 1975). Such entanglements justify the dismissal of Owen's complaint. However, a debt investment is not an entanglement that is antagonistic per se to an equity investment. *See,*

*McDonald v. Chicago Milwaukee Corp.*, 565 F.2d 416 (7th Cir. 1977). Owen's *de minimis* equity investment, when coupled with his substantial debt investment in the defendant corporation creates an interest adverse to the interests of other shareholders. It is as though Owen had no equity investment to protect. *See Blum v. Morgan Guaranty Co. of New York*, 539 F.2d 1388, 1390 (5th Cir. 1976), in which the Fifth Circuit approved the use of such phrases as "the representatives stake in the derivative suit 'paled,' in comparison with his principal's outside interest," and ". . . infinitesimally small . . ." to describe the representative plaintiff's interest in the derivative claim.

The requirement that the representative plaintiff bring the derivative action primarily to enforce the right of the corporation is founded upon the language of Fed.R.Civ.P. 23.1, the history, nature and purpose of the shareholder derivative action and the case law of this Circuit. The language of Fed.R. Civ.P. 23.1 uses the phrases ". . . to enforce a right of a corporation" and "enforcing the right of the corporation." By its express language, the rule requires that the representative plaintiff bring the derivative action primarily to enforce the right of the corporation. *Nolen v. Shaw-Walker Company*, 449 F.2d 506 (6th Cir. 1971).

The Supreme Court has written:

Equity came to the relief of the stockholder, who had no standing to bring civil action at law against faithless directors and managers. Equity, however, allowed him to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own. *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528.

The nature of the shareholder derivative action is fiduciary. In *Cohen, supra,* the Supreme Court wrote:

Likewise, a stockholder who brings suit on a cause of action derived from the corporation assumes a position not technically as a trustee perhaps, but one of a fiduciary character. He sues, not for himself alone, but as representative of a class comprising all who are similarly situated. The interest of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity.

For the reasons stated, we affirm the decision of the district court dismissing Owen's complaint.

## II

When the district judge dismissed Owen's complaint, he retained jurisdiction for the purpose of determining the amount of attorney's fees and costs to which the defendants were entitled. Thereafter, he assessed against Owen partial attorney's fees and all costs. The award totaled $11,803.10. Of this figure, $10,593.13 represented attorney's fees and $1,209.97 represented costs. Attorney's fees of $21,186.25 had been requested by the appellees. The district court based its award of costs upon Fed.R.Civ.P. 54(d). The award of attorney's fees was based on a provision of the Tennessee Code.

T.C.A. § 48-718(5) provides:

(5) If any suit hereafter instituted in the right of any domestic or foreign corporation for profit by the holder or holders of shares of such corporation or of voting trust certificates therefor, the court having jurisdiction, upon final judgment and a finding that the suit was brought without reasonable cause, may require the complainant or complainants to pay to the party or parties named as defendant or defendants the reasonable expenses, including fees of attorneys, incurred by them in the defense of such suit.

The district court concluded that Owen brought this action "without reasonable cause" within the meaning of the Tennessee statute, saying:

It should have been obvious to plaintiff at the outset . . . that someone . . . with a primary interest in protecting his debentures rather than protecting his stock, could not fairly and adequately represent the interests of the other shareholders.

However, the district court awarded only partial attorney's fees because it expressly found that Owen did not bring the action in bad faith.

Owen appeals from the district court's order awarding attorney's fees and costs. MDI cross-appeals from the order of the district court awarding only partial attorney's fees, insisting upon a recovery of $21,-186.25. MDI's co-defendants did not file a notice of appeal.

Owen contends that this shareholder's derivative action was brought with reasonable cause. MDI and the other appellees disagree. They assert that this action was brought without reasonable cause within the meaning of the Tennessee statute.

We conclude that the district court correctly construed the Tennessee statute and did not abuse its discretion in awarding costs and only partial attorney's fees against Owen under the facts and circumstances of this case.

All other contentions made on this appeal have been considered, but do not require further discussion.

Affirmed. No costs on appeal are taxed. All parties will bear their own costs in this court.