Harry LEWIS, Plaintiff,

v.

Edward P. JOHNSON, Sr., Edward P. Johnson, Jr., John A. Martin, Arthur S. Friedman, Francis Lyman Hine, Nicholas J. Grady, Joseph J. McCarthy, Charles L. Scharfe, Jr., Walter V. Knopp, Charles S. Jones, John Shanklin, David L. Eggers, Richard A. Clay and E. C. Ernst., Inc., Defendants.

David ISHAYIK, Plaintiff,

v.

E. C. ERNST, INC., Edward P. Johnson, John A. Martin, Nicholas J. Grady, Edward P. Johnson, Jr., John J. McCarthy, Arthur S. Friedman and Francis Lyman Hine, Defendants.

Nos. 78 C 2488, 80 C 2114.

United States District Court,
E. D. New York.

Nov. 25, 1981.

A. Arnold Gershon, New York City, for plaintiff Lewis.

Rabin & Silverman by Allan K. Peckel, New York City, for plaintiff Ishayik.

John M. Burns, III, New York City, for defendants Edward P. Johnson, Sr., Edward P. Johnson, Jr. and McCarthy; Ronald W. Stevens, Hill, Christopher & Phillips, P. C., Washington, D. C., of counsel.

Nixon, Hargrave, Devans & Doyle by Stephen Kurzman, Washington, D. C., for defendant Martin.

Reich & Reich, P. C. by Edward S. Reich, Brooklyn, N. Y., for defendant Clay; Howard S. Epstein, Diuguid, Kennelly & Epstein, Washington, D. C., of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher by Stephen R. Kruft, New York City, for defendants Jones and Shanklin.

Parker Chapin Flateau & Klimpl by Joel M. Wolosky and Robert M. Carmen, New York City, for defendants Scharfe, Eggers and Knopp.

Friedman & Gass by Peter N. Wang, New York City for defendant Friedman.

Shea & Gould by Richard M. Goldstein, New York City, for defendant E. C. Ernst, Inc.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

These are actions by Harry Lewis and David Ishayik against E. C. Ernst, Inc. (Ernst) and past or present officers and directors of Ernst. Plaintiffs seek a determination that a class action is maintainable under F.R.Civ.P. 23, and the actions are consolidated for this purpose under F.R. Civ.P. 42(a). The basis of the claims is that defendants knowingly disseminated false and misleading news releases, financial reports and other documents which misrepresented to the public Ernst's income from three long term contracts, its financial condition and its inadequate accounting procedures. The alleged class consists of all purchasers of Ernst common stock during the period commencing July 18, 1977 (November 14, 1977 for the Lewis class) and ending November 8, 1978, when Ernst published an expected $7,000,000 loss for the first half of 1978. The alleged injury to the class resulted from their acquisition of Ernst stock, in reliance on "the integrity of the market" and the misleading statements, at "prices artificially inflated" by those statements. Lewis Complaint ¶ 28; Ishayik Complaint ¶ 31.

Defendants have deposed plaintiffs with respect to the class certification issue, and supplemental answers to certain questions have been filed by Lewis. On the basis of plaintiffs' responses, defendants oppose certification, arguing that neither plaintiff has met any of the requirements imposed by Rule 23. Since the typicality requirement of Rule 23(a)(3) has not been met, it is unnecessary for the Court to reach the other issues raised on this motion.

Ishayik's first purchase of Ernst stock was on February 17, 1976, seventeen months prior to the dissemination of the first allegedly misleading statement. He testified that this initial purchase was based on his broker's recommendation. Ishayik's second purchase was on July 19, 1978, the day after he read an article in The Wall Street Journal reporting a loss for Ernst in fiscal 1978 due to accounting problems with certain fixed-price contracts. Ishayik testified that he discussed the purchase with his broker, and that no other documents apart from the newspaper article and no other conversation apart from the one with his broker prompted him to make the second purchase.

Since it appears conclusive that neither of Ishayik's purchases were made in reliance on the misrepresentative statements alleged in his complaint, his claims

are not typical of those of the alleged class. Clearly, the first purchase was made free of any possible taint from Ernst's statements. Further, the second purchase was made after Ishayik was aware of the losses allegedly concealed by Ernst on which his claim is substantially based. Moreover, Ishayik's testimony shows his second purchase was made in sole reliance on a newspaper article and conversation with his broker, not on the integrity of the market or Ernst's financial reports. It is apparent, therefore, that Ishayik's purchases were made quite independent of the factors which allegedly caused the inflated prices at which the class members purchased Ernst stock. Because his reliance materially differs from that of the class members, raising issues distinct from the class' reliance on market integrity and corporate misrepresentations, the action cannot be maintained as a class action. *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974); *Kline v. Wolf*, 88 F.R.D. 696, 699 (S.D.N.Y.1981); Adv. Com. Note to Proposed Rule 23, 39 F.R.D. 95, 103 (1966).[1]

Turning to Lewis' action, a similar result appears appropriate. Lewis first purchased Ernst stock on January 13, 1978, at $10 per share and again on October 30, 1978, at $4.75 per share. Lewis testified that prior to the second purchase he had read several newspaper articles, including the July 18, 1978 article discussed above, which reported losses and financial difficulties experienced by Ernst. He interpreted the articles as depicting losses due to accounting disputes, and speculated "that E. C. Ernst would come back." Deposition of Harry Lewis, at 52. Lewis further testified that he was aware of the downward swing in the Ernst stock, but that he normally "averages" his stock prices by purchasing additional shares when prices decrease. Significantly, although Lewis alleged that the class purchased Ernst stock in reliance on the integrity of the market, he testified that he does not submit proxies to the companies in which he invests because he has "no faith in these companies." *Id.* at 43. Finally, Lewis' supplemental answers show that he is presently a plaintiff in twelve class actions apart from the instant one.

■ It appears, then, that Lewis too is subject to unique defenses which may imperil class recovery. His possible reliance on the newspaper articles, coupled with his individual strategy of purposefully purchasing the stock when the price decreased, believing that the news signaled a possible turnabout, raise atypical reliance and materiality issues. See *Kline v. Wolf, supra; Panzirer v. Wolf*, 663 F.2d 365 (S.D.N.Y. 1980). These issues create the possibility of defenses which could prejudice the class by becoming the focus of the litigation and diverting attention from the merits of the class action. See *Koos v. First Nat'l Bank, supra*. Additionally, Lewis' admission that he is a class action plaintiff in numerous other actions exposes him to attack as a "sophisticated investor," a defense which precludes typicality as to his own claim. See *Garonzik v. Shearson Hayden Stone, Inc.*, 574 F.2d 1220 (5th Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 39 (1979).

For the foregoing reasons, the Court finds that, in the circumstances evinced by the instant record, neither plaintiff has complied with the typicality requirement of Rule 23(a)(3), F.R.Civ.P. Therefore, plaintiffs' motions must be denied.

SO ORDERED.

---

1. While plaintiffs correctly argue that class action plaintiffs need not prove reliance in a securities fraud case, certification must still be denied when the putative representative is subject to unique defenses relating to materiality or reliance which may prejudice the class' chances of success. *Zenith Laboratories, Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3rd Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974).