Thomas M. RETTIG, et al., Plaintiffs,

v.

KENT CITY SCHOOL DISTRICT, et al., Defendants.

Civ. A. No. C79–2234.

United States District Court,
N. D. Ohio, E. D.

Sept. 15, 1980.

Edward G. Kramer, Floyd J. Miller, Cleveland, Ohio, Sheridan Neimark, Nat'l Society for Autistic Children, Washington, D. C., for plaintiffs.

McDowall & Whalen, Dennis M. Whalen, Cuyahoga Falls, Ohio, for Kent City School Dist.

William J. Brown, Atty. Gen., Gary E. Brown and Richard W. Ross, Asst. Attys. Gen., Columbus, Ohio, for State Bd. of Ed. and Walter.

Dennis J. Murphy, Alan F. Berliner, Carlile Patchen, Murphy & Allison, Columbus, Ohio, for Ohio Assn. for Protection.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending in this case are plaintiffs' Motion for Class Certification, defendants' Motion to Dismiss in Limine, and Motions for Summary Judgment filed by the individual defendants Kenneth Cardinal and Michael Chrin, both employees of the Kent City School District. For the reasons set forth below, each of these motions is denied.

*Motion for Class Certification*

The burden is on the plaintiffs to establish their right to use the class action device. *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976), *cert. denied* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 50 (1976). They must satisfy all four criteria of Rule 23(a) of the Federal Rules of Civil Procedure and, in addition, demonstrate that their purported class satisfies the criteria of the subsection of the rule invoked by them in the Amended Complaint. *Senter v. General Motors Corp., supra*, at 522. Plaintiffs in this case have invoked subsection (b)(2).

An examination of the pleadings and exhibits herein, and the application of the relevant case authority, compel the conclusion that the plaintiffs have failed to satisfy the requirements of Rule 23.

First, it cannot be ascertained that the purported class "is so numerous that

joinder of all members if impracticable". Rule 23(a)(1). While the resolution of this issue does not turn on the specific number of potential class members but, rather, upon the circumstances relevant to ease of joinder surrounding each case, *Senter v. General Motors Corp., supra*, at 523 n. 24, citing *Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970), here, the purported class may be limited to a small group of specific individuals within the State of Ohio who have been denied publicly-financed special education classes during the summer months which are requisite to their "appropriate" education under 20 U.S.C. § 1401 *et seq*. It certainly appears to the Court that plaintiffs' claim of some 95,000 potential members is grossly exaggerated.

■ The plaintiffs' motion to certify this class must fail for an even more fundamental reason. Rule 23(a)(2) requires that there be "questions of law or fact common to the class". In the instant action, plaintiffs have defined their purported class as "all handicapped school-aged persons in the State of Ohio who require or may require a 12 month per year program of appropriate special education and related services, and the parents or guardians of such persons." Plaintiffs' Amended Complaint, paragraph 12. This definition calls for a conclusion, requiring the Court to determine with respect to each potential class member that he or she requires or will require a 12 month program of special education. Yet the educational program of each handicapped child in the state differs, of necessity, under the Education of the Handicapped Act, 20 U.S.C. §§ 1401 *et seq.*, from that of every other such child. The type of learning experience required and the educative potential of each child must be personalized and is subject to constant revision according to changes in the child's progress. There is, therefore, no common element of fact, other than that each of these potential class members is a handicapped child, a matter not in issue. Nor is there a common question of law, inasmuch as the basis for a determination that a child requires a 12 month program is totally dependent upon his or her particular handicapping condition, so that a separate adjudication of each child's claim under the statute would be required. Class certification is not appropriate where, as here, the members of the alleged class evade identification. See *Fuzie v. Manor Care, Inc.*, 461 F.Supp. 689 (N.D.Ohio 1977); *Metcalf v. Edelman*, 64 F.R.D. 407, 409 (N.D.Ill.1974).

■ In point of fact, it is not even clear that the named plaintiffs would be members of the class they purport to represent. Administrative adjudications below have concluded just the opposite, that summer school is not a requisite part of an appropriate education for plaintiff Thomas Rettig. Hence, the "representativeness" of these plaintiffs as required under Rule 23(a)(3) and (a)(4) is also called into question.

The plaintiffs' inability to satisfy the commonality requirements of subsection (a)(2) is essentially a function of the very statute upon which they base their claim. The Education of the Handicapped Act is intended to encourage individualized treatment of school children such as the plaintiff. For the same reason, any action or inaction by the defendants toward the plaintiffs cannot be said to be based upon grounds having general application to the purported class as required to meet subsection (b)(2) of Rule 23. See *Dale v. Hahn*, 440 F.2d 633 (2d Cir. 1971).

Plaintiffs place great emphasis on the case of *Battle v. Kline*, 629 F.2d 269 (3rd Cir. 1980), recently decided in the Third Circuit. However, the present case is clearly distinguishable. In *Battle*, the evidence had demonstrated and the administrative hearing officer had concluded that an appropriate education for the children involved should include 12 months of educational programming. The action initiated in *Battle* was to challenge the State of Pennsylvania's stated policy and instructions to hearing officers that no summer programs would be funded by public money regardless of the appropriateness in any given case. In the present case, the hearing officer found that providing a continuous educational program was not necessary in

order to provide Thomas Rettig with a free and appropriate public education. In addition, the affidavit of Franklin B. Walter, Superintendent of Public Instruction for the State of Ohio, demonstrates that the State of Ohio, unlike the State of Pennsylvania, does not prohibit the use of public funds for summer school where appropriate. "Appropriateness", however, is unique to every child's case under the Education for the Handicapped Act.

Accordingly, the plaintiffs Motion for Class Certification is denied.

*Motions to Dismiss in Limine*

 In the interest of avoiding multiple suits concerning essentially the same operative facts, the Court denies defendants' motions to limit the scope of this case to a review of the administrative hearing provided under the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1401 *et seq.* However, it must be noted that, at least at this time, the Court fails to understand what relief might actually flow from either the Rehabilitation Act of 1973, 29 U.S.C. § 794, or the Fourteenth Amendment and § 1983, which is not provided under the EHA. In fact, in light of the United States Supreme Court's decision in *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), it appears to this Court that the EHA provides much greater educational opportunities for the handicapped child than even the Constitution itself requires. See also *Cuyahoga County Ass'n for Retarded Children v. Essex,* 411 F.Supp. 46 (N.D.Ohio 1976); *Sherer v. Wei,* 457 F.Supp. 1039 (W.D.Mo.1977).

*Motions for Summary Judgment*

 The two defendant Kent City School District employees, Kenneth Cardinal and Michael Chrin, have filed Motions for Summary Judgment, based on their contention that neither the EHA not any pertinent regulations place the specific responsibility for providing a free and appropriate education on either the Superintendent of a local school district or its Director of Special Education. While this is true, the Court

has chosen not to limit this action to the statute alone. Both Mr. Cardinal and Mr. Chrin, as employees of the school district, and therefore agents of the State Board of Education, have a responsibility under the Fourteenth Amendment to ensure that no child is arbitrarily denied access to a public education. Motions for Summary Judgment by defendants Kenneth Cardinal and Michael Chrin are denied.

Plaintiffs' Motion for Class Certification is denied. Motions to Dismiss or Limit by defendants the Kent City School District and the State Board of Education are denied. Defendants Kenneth Cardinal and Michael Chrin's Motions for Summary Judgment are denied. IT IS SO ORDERED.