James GORTON, Wayne Stevens and Keith Hallberg, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Perry JOHNSON, individually and in his capacity as Director of Michigan Department of Corrections; The Michigan Department of Corrections; Dan Rosen, individually and in his capacity as Chief Psychologist of Riverside Correctional Facility; William L. Abshire, individually and in his capacity as Superintendent of Riverside Correctional Facility; and Dr. Robert Bort, individually and in his capacity as Director of the Psychiatric Center, Defendants.

Civ. A. No. 82–60422.

United States District Court,
E.D. Michigan, S.D.

Feb. 16, 1984.

Judith Wood, Ann Arbor, Mich., for plaintiffs.

Paula G. Humphries, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the Court on plaintiffs' Motion for Class Certification, pursuant to Fed.R.Civ.P. 23(b)(2). For the reasons stated herein, the motion is granted.

Plaintiffs are alleged to be members of a class of persons who have been convicted and incarcerated under Michigan's "Guilty but Mentally Ill" statute (hereafter "GBMI" statute), M.C.L.A. § 768.36, and who in addition, allegedly have been denied adequate psychiatric treatment while incarcerated, which adequate treatment is guaranteed by that statute. The statute provides, in pertinent part, that if a criminal defendant is found guilty but mentally ill and is committed to the custody of the Michigan Department of Corrections, he shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation. M.C.L.A. § 768.36(3).

Plaintiffs allege in this action that all persons who have been convicted and incarcerated under the GBMI statute have not been provided treatment that is "psychiat-

rically indicated", because the Department of Corrections lacks the resources to provide any psychiatric treatment whatsoever to any prisoners other than those who present the most extreme disciplinary problems.

Defendants have opposed this motion on the grounds, *inter alia,* that a determination of the treatment that is psychiatrically indicated for any given prisoner is necessarily a question that must be shaped by the particular psychological characteristics of that prisoner. Defendants argue that, because each prisoner presents unique and individual problems of treatment, the Court would be unable to fashion an equitable remedy that would apply to all members of the class, and that class certification is therefore improper. In short, defendants submit that medical treatment must be administered on an individual, rather than a group basis, and that this Court should not endeavor to direct the defendants to treat all members of the proposed class in the same manner. In this assertion the defendants are correct, and as will be seen below, a class would not be appropriate to litigate these matters. However, the case involves other claims that may be appropriately addressed in a class context.

The familiar terms of Fed.R.Civ.P. 23(a) require that, in order to maintain a lawsuit as a class action, the parties seeking to proceed as a class must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs maintain that they have made the requisite showing to satisfy these four requirements, and in addition have satisfied the requirement of subsection (b)(2) of the Rule, which provides that a class action may be maintained if:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The Court finds that plaintiffs have met their burden of fulfilling the four requirements under subsection (a). The most troubling aspect of this motion is the problem described above, *viz.,* to what extent can the Court address those controversies which apply to all members of the proposed class without trenching upon issues of individualized evaluation and treatment which are not properly the subject of a class action?

The solution to this thorny problem is achieved by distinguishing between those components of evaluation and treatment which are processes and procedures of the defendants and which apply in essentially uniform fashion to all members of the proposed class, and those components which are the actual acts of evaluation and treatment and a function of individual disorders. For instance, plaintiffs allege that none of the proposed class members ever receive a thorough and professionally competent interview and diagnosis upon being incarcerated. Regardless of the nature or severity of an inmate's psychological illness or mental retardation, psychiatric opinion as to the need for and nature of an initial interview and diagnosis is a controversy that would apply to the cases of all class members. *Cf. Fernandez-Roque v. Smith,* 91 F.R.D. 117, 121 (N.D.Ga.1981) (class certification of Cuban detainees incarcerated in federal penitentiary was proper when government had promulgated regulations affecting all class members, even though the final determination of whether a particular detainee would be released would be made on the basis of individual histories).

At the other extreme, questions about the dosages of medication or the modes of psychotherapy that are appropriate for a par-

ticular inmate must depend entirely upon the results of the diagnosis and ongoing treatment and observation of that inmate. These are the kinds of the issues that cannot be properly addressed in a class action, *see Rettig v. Kent City School Dist.,* 94 F.R.D. 12 (N.D.Ohio 1980) (class certification improper with respect to the issue of the kind of treatment that should be provided to handicapped schoolchildren under the Education for All Handicapped Children Act).

The Court concludes that this action can properly proceed under Fed.R.Civ.P. 23(b)(2) if it is limited to those issues of institutional policy, practice, process, and procedure that are "generally applicable" to all members of the proposed class, *see* 7A Wright & Miller, *Federal Practice and Procedure,* § 1775 (1972).

The Court is not unmindful of the fact that it lacks expertise in the area of mental health care, and does not presume to have the ability to second-guess the determinations of experts in the related fields. The Court will make its determination of whether or not defendants are providing members of the proposed class with the kind of evaluation and treatment called for in the statute based upon the testimony of expert witnesses. The Court is competent to listen to various experts and fact witnesses in order to determine whether the Department of Corrections, as a threshold matter, has instituted policies which render the provision of psychiatrically indicated treatment impossible, regardless of the particular needs and problems of the individual class members. As was stated by the Court of Appeals for the Fifth Circuit:

> In *Donaldson* [*v. O'Connor,* 493 F.2d 507], we addressed and rejected the argument that a constitutional right to adequate treatment would present questions not susceptible to "judicially manageable or ascertainable standards." We held that the judiciary was competent to determine, at least in individual cases, whether

psychiatric treatment was medically or constitutionally adequate. And we said in dictum that even in cases such as this one, "when courts are asked to undertake the more difficult task of fashioning institution-wide standards of adequacy," the courts would be able to formulate workable standards.

*Wyatt v. Aderholt,* 503 F.2d 1305, 1314 (5th Cir.1974).

The Court reiterates, however, that *this case* will address only those institutional policies, processes and procedures required by the statute which are generally applicable to all class members, and will not endeavor to adjudicate the adequacy of treatment in "individual cases".

The issue which is certified for class consideration and the only issue involved in this law suit involving persons other than the defendants and James Gorton, Wayne Stevens and Keith Hallberg is: have the defendants devised and put into practice a policy, process, and procedure that can adequately give "further evaluation" and "such treatment as is psychiatrically indicated" to persons who have been determined to be "guilty but mentally ill" under M.C.L.A. § 768.36 and if they have not, is this failure a violation of due process and the prohibition against cruel and unusual punishment provided in the Fourteenth and Eighth Amendments of the Constitution of the United States?

Note that the issue certified is limited to the *policy, practice, process, and procedure of the defendants* and it does not embrace individual evaluation and treatment except as to how these help in indicating the policy, practice, process, and procedure. Note also, that the issue certified is limited to the further evaluation and treatment *that is psychiatrically indicated.* It does not embrace other methods of evaluation and treatment and limits the consideration to whether this policy, practice, process, and procedure reasonably provides "further evaluation" and "such treatment as is psychiatrically indicated."

As thus limited, the motion to certify as a class all persons who have been convicted

and are presently incarcerated pursuant to the GBMI statute, and all those who will be convicted and incarcerated in the future under the statute, is granted.

SO ORDERED.