Cliff THONEN, et al., Plaintiffs,

v.

McNEIL–AKRON, INC., et al., Defendants.

Civ. A. No. C85–1066A.

United States District Court, N.D. Ohio, E.D.

Aug. 20, 1986.

See also 661 F.Supp. 1252.

Mark A. Rock, Joyce Goldstein, Schwarzwald, Robiner, Wolf & Rock, Cleveland, Ohio, for plaintiffs.

Clair E. Dickinson, John C. Fickes, John W. Solomon, Akron, Ohio, Sidney C. Foster, Jr., for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is plaintiffs' "Motion to Maintain Class Action and for Certification of Class." Defendants have disputed that class certification is proper in this action. For the reasons set forth below, the Court certifies a class of plaintiffs to be represented by plaintiffs Clarence W. Archer and Joseph Maxim.

### I.

This action was brought by Cliff Thonen, Ralph Hannaman, Clarence W. Archer, and Joseph Maxim to resolve a dispute over health insurance benefits negotiated for inclusion in two collective bargaining agreements. The plaintiffs sought to compel defendants McNeil Corporation, Equipment Méchaniques Specialisés, and McNeil-Akron, Inc. (together, "the company") to resume providing for company bargaining unit employees who retired between May 7, 1979 and December 31, 1983 the type of health insurance benefits established for retirees in the relevant 1979 and 1982 collective bargaining agreements. The complaint indicated that the company's liability was premised upon the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982 & Supp. I 1983 and II 1984), and upon breach of the labor contracts, stating a claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982).

The parties filed cross-motions for summary judgment on the issue of liability. The plaintiffs contended that the company had breached the collective bargaining agreements by altering the retiree health benefit plan, because the plans negotiated in conjunction with the 1979 and 1982 contracts provided for lifetime benefits. They also argued that the company's conduct with respect to the retiree health benefits violated fiduciary duties placed upon it by ERISA. The company denied that the collective bargaining agreements created lifetime health benefits of a certain type for retirees. It further argued that if contractual rights to lifetime benefits did exist, they were waived by all retirees except Thonen and Hannaman, because all except those two had executed accord and satisfaction agreements. By a memorandum and order of July 24, 1986, this Court held that the company had breached plaintiffs' contractual rights to lifetime retiree health benefits, and it enjoined the company to provide plaintiffs with the contractually required health benefit plan. It granted the company's motion for summary judgment on the issue of ERISA liability, except that plaintiffs Hannaman and Thonen were granted summary judgment in their favor on that issue.

While the complaint averred that plaintiffs wished to represent a class of persons who retired from the company between May 7, 1979 and December 31, 1983, plaintiffs did not move to certify the proposed

class before the summary judgment motions were determined. This Court noted in its July 24th memorandum and order that liability could be decided before class certification was resolved, citing *Weimer v. Kurz-Kasch*, 773 F.2d 669, 677 (6th Cir. 1985), and *Policy v. Powell Pressed Steel Co.*, 770 F.2d 609, 618 (6th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986). On August 4, 1986, plaintiffs filed the pending motion to maintain class action and for certification of class. The motion states that the proposed class consists of "all former bargaining unit employees of Defendants who retired between May 7, 1979 and December 31, 1983 and who are participants in and/or beneficiaries of the employee welfare benefit plan pursuant to which defendant is to provide insurance benefits for life." Plaintiffs seek certification under Fed.R.Civ.P. 23(b)(3) ("Rule 23").

## II.

Plaintiffs must establish their right to use the class action device by satisfying all four criteria of Rule 23(a) as well as the criteria of Rule 23(b)(3). *See Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Rettig v. Kent City School District*, 94 F.R.D. 12 (N.D.Ohio 1980). Plaintiffs Archer and Maxim satisfy their burden; plaintiffs Thonen and Hannaman do not.

### A. *Rule 23(a) Prerequisites*

Fed.R.Civ.P. 23(a) provides:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

### 1. Numerosity

Rule 23(a)(1) does not create a specific number which it deems to be sufficiently "numerous" to permit class certification. A preeminent authority on class actions has set forth guidelines to be considered when deciding numerosity:

It is settled that impracticability of joinder must be determined in the context of the particular litigation. Inconsistent decisions have resulted from the broad discretion of the trial court and the absence of Supreme Court guidelines. Nevertheless, some general principles may be formulated from the case law:
1. Impracticability short of impossibility is sufficient.
2. Evidence of exact class size is not required.
3. When the class is large, numbers alone should be dispositive.
4. When the class is small, factors other than number will be significant.
5. A common sense approach is contemplated by Rule 23.

1 *Newberg On Class Actions* 2d ed., § 3.03, at 137 (footnotes omitted).

■ Defendants have identified for plaintiffs approximately seventy-nine persons encompassed by their definition of the proposed class. Although it is often possible to certify classes with membership in the thousands and not at all unusual to have classes with membership in the hundreds, it is also clear that conducting litigation joining almost eighty plaintiffs would be extremely impractical. Common sense dictates that this class is numerous enough to meet the requirement of Rule 23(a)(1). *See Klamberg v. Roth*, 473 F.Supp. 544, 558 (S.D.N.Y.1979) (seventy class members are sufficiently numerous in pension plan case, particularly in light of substantial identity of claims).

### 2. Commonality and Typicality

The Supreme Court has observed that:

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circum-

stances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest. . . .

*General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 12 L.Ed.2d 740 (1982).

■ There is undoubtedly commonality and typicality between Archer and Maxim and the members of the proposed class. All of the plaintiffs are able to argue that the collective bargaining agreements created lifetime retiree health benefits. Archer and Maxim are also positioned to rebut the defense that such rights have been altered by the signing of the accord and satisfaction agreements. Defendants have not argued that different issues and positions with respect to liability exist between Archer, Maxim and the proposed class members. The fact that damages may vary does not present an obstacle to certification, since individualized proof of damages is permissible. *Cf. Senter,* 532 F.2d at 523–24 (approving certification of class to determine Title VII liability, with the anticipation that damages will be individually proved).

■ However, the company persuasively argues that Thonen and Hannaman cannot meet the commonality and typicality requirements. Unlike the members of the proposed class, Thonen and Hannaman did not sign an accord and satisfaction agreement. They were therefore entitled to summary judgment on their breach of labor contract claims when they proved that the agreements established lifetime benefits. They were not forced to argue that the accord and satisfaction agreements were unenforceable. Moreover, they were also able to prevail upon their ERISA claims because they had not signed the purported accord and satisfaction agree-

ments, unlike Archer and Maxim. Thus, they cannot prove commonality and typicality, and they cannot be class representatives.

### 3. Adequacy of Representation

The Supreme Court discussed the elements of adequate representation in *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975):

> [W]here it is unlikely that segments of the class appellant represents have interests conflicting with those she has sought to advance, and where the interests of the class have been competently urged at each level of the proceeding, we believe the test of Rule 23(a) is met.

In *Senter v. General Motors Corp.,* 532 F.2d at 524–25, the Sixth Circuit stated:

> There are two criteria for determining whether the representation of the class will be adequate: (1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.

And in *Cross v. National Trust Life Insurance Co.,* 553 F.2d 1026, 1031 (6th Cir. 1977), it added:

> [I]n making the determination of adequacy of representation, the District Court should consider the experience and ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent.

*See also Fradkin v. Ernst,* 98 F.R.D. 478, 484–85 (N.D.Ohio 1983).

The requirement that the action must be vigorously prosecuted by qualified counsel has been abundantly satisfied. Mark A. Rock, attorney for the plaintiffs, has proffered an affidavit attesting to his qualifications to litigate this action. In addition, it is clear from the high quality of the work already done by plaintiffs' attorneys in this case and by their success on the issue of liability that class members will not find their legal representation lacking.

Defendants contest the second requirement of adequate representation: that plaintiffs must not have interests antagonistic to members of the class. They argue that many retirees will prefer to keep the insurance benefit plan which was substituted in accordance with the accord and satisfaction agreements instead of the plan guaranteed under the collective bargaining agreements. In support, they present the affidavit of James E. Thomas ("Thomas affidavit"), who negotiated the new plan for the retirees. Thomas states that other company retirees and he chose to accept the new benefit plan because it would gain coverage for the surviving spouses of deceased retirees, because of an improvement of benefits for pre–1979 retirees, and in order to "help McNeil" (presumably to alleviate the company's financial difficulties). Thomas affidavit, ¶ 9. Thomas also states that he does not believe that the plaintiffs adequately represent other similarly situated retirees and him. Thomas affidavit, ¶ 8. Because they believe that many retirees will want to retain the alleged benefits of the new plan, defendants contend that plaintiffs' goals in this litigation are antagonistic to the interests of many potential class members.

■ Thomas' affidavit is insufficient to show that Archer and Maxim cannot adequately represent the class. Although it implies that Thomas does not agree with the plaintiffs' goals, it does not speak for the remainder of the almost eighty members of the class. It is conceivable that other class members, like Thomas, will prefer to forego the benefits to which they are contractually entitled. However, class members will be permitted to withdraw from the litigation if they do not support its ends pursuant to Rule 23(c)(2), which provides:

In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude

him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

This Court has already concluded that the benefit plan created by the collective bargaining agreements was more beneficial to the retirees than the new package when it concluded that the accord and satisfaction agreements failed for lack of consideration. Thomas' affidavit does not alone establish that retirees other than himself will prefer the latter benefit plan. To the extent that other retirees do agree with Thomas, they will be entitled to "opt out" of the class as permitted by Rule 23(c)(2). If a significant number of retirees do elect to opt out of the class, the Court might be inclined to alter its decision that class certification is proper, since numerosity and adequacy of representation will become doubtful. Decertification of the class is permitted by Rule 23(c)(1) and is an adequate protection against circumstances which later demonstrate that antagonistic interests do indeed exist. The Court therefore finds that Rule 23(a)(4) has been satisfied by Archer and Maxim.

**B.** *Rule 23(b)(3) Prerequisites*

Fed.R.Civ.P. 23(b)(3) provides:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy al-

ready commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

As discussed above, Archer, Maxim and the proposed class members share identical issues with respect to this action. It also appears that the facts regarding the liability question are virtually identical. It is difficult to conceive how the rationale establishing that Archer and Maxim are entitled to health benefits as established by the collective bargaining agreements could be prevented from also being applied to the class members. Moreover, this Court also has indicated that damage issues are susceptible to individualized proof. While determination of damages might raise "questions affecting only individual members," this Court is not aware how individualized questions could arise with respect to liability.

Finally, a class action is without doubt the superior method for managing this dispute between retirees and the company. No party has pointed to other litigation by members of the class, nor have the defendants argued that potential class members would want to prosecute their own actions. While the claims before the Court have not been valuated, it does not stretch the imagination to believe that most potential plaintiffs would not be motivated to bring a lawsuit to seek restoration of their contractual rights, since such a lawsuit might be more economically feasible than simply conceding an unjustified loss. Concentrating these claims in this forum is desirable, since this Court is thoroughly apprised of the facts and issues of this dispute, and it is likely that most retirees of the company still live within this district. Managing this action should not be at all difficult. The potential class members have already been identified and their addresses provided by the company. Providing notice of this action to the named eighty people, as well as continued communication with them, should be relatively easy. In short, this is a textbook example for the appropriate use of the class action device. Therefore, the prerequisites of Rule 23(b)(3) are met.

### III.

For the reasons set forth above, Thonen and Hannaman have failed to establish commonality and typicality, and they will not be permitted to act as class representatives. Archer and Maxim have satisfied the requirements of Rule 23(a) and (b)(3). Accordingly, the motion to maintain a class action is granted. The Court certifies a class consisting of all former bargaining unit employees of the company who retired between May 7, 1979 and December 31, 1983 and who are participants in and/or beneficiaries of the employee welfare benefit plan pursuant to which the company is contractually bound to provide lifetime benefits. This class will be represented by Archer and Maxim.

The parties shall draft a notice to be sent to the class members which meets the requirements of Rule 23(c)(2). They shall also describe to the Court the procedure by which notification and communication with the class (including the procedure to be used by class members who wish to opt out of the class) will be accomplished. The proposed notice and procedural report, which must be approved by this Court before implementation, shall be submitted to this Court within thirty (30) days.

IT IS SO ORDERED.