Michael RIFKIN, Individually and as Custodian for Alison Kim Rifkin

v.

Trammel CROW, Richard B. Dawkins, Reid W. Dennis, Jerome C. Eppler, Herman L. Philipson, Jr., Howard J. Runnion, Jr., Israel Sheinberg, Merle J. Volding, W. C. Kramp, Recognition Equipment Incorporated, Corporation S and Price Waterhouse & Co.

No. CA 3–7250–C.

United States District Court, N. D. Texas, Dallas Division.

Oct. 27, 1978.

Jared Specthrie, Milberg, Weiss, Bershad & Specthrie, New York City, Dean Carlton, Dallas, Tex., for plaintiff.

Morris Harrell, Rain, Harrell, Emery, Young & Doke, Dallas, Tex., Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for Crow, Dennis, Eppler, Philipson, Runnion, Scheinberg, Volding, Kramp, Recognition Equipment.

Linda S. Aland and Ira F. Levy, Allen, Knuths, Cassell & Short, Dallas, Tex., Fish & Neave, New York City, for Corporation S.

Fletcher L. Yarbrough, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Tex., Cravath, Swaine & Moore, New York City, for Price Waterhouse & Co.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This Court granted a Motion for Summary Judgment for the Defendants in this case in 1975. At that time, the certification of a class under Rule 23, F.R.C.P., was denied. The Court of Appeals for the Fifth Circuit reversed the Summary Judgment in June of this year.[1] The Fifth Circuit also vacated this Court's Order denying class certification so that it could be reconsidered in light of its amplification or clarification of the case of *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880 (5th Cir., 1973).

In the intervening years between this Court's granting of the Motion for Summary Judgment and now, the nature of Plaintiff's case has changed. The thrust of Plaintiff's allegations, as understood by this Court in 1975, was that the Defendants had misstated certain financial statements by placing various items in the wrong category or place in its financial statements. In sum, Plaintiff was alleging inadequate disclosure.

Now, Plaintiff is making two additional allegations. First, he is alleging that items were included in a financial statement for a particular year that should not have been as the transaction involved did not occur in that year. Second, he alleges that the Defendants misrepresented that certain transactions between Defendant Recognition Equipment Incorporated and Defendant Corporation S were at arms length, when they were not, and were only ploys to show a profit for Defendant Recognition Equipment Incorporated in the year 1969.

Plaintiff testified at his deposition that he had read various documents put out by the Defendants or attributable to them and relied upon them, but he later testified that he had re-read these same documents and had come to the conclusion that there were misstatements in them. In short, he believed them subject to different interpretations.

His new allegations are not of the nature of interpretation of financial statement; but, that certain facts were misrepresented or omitted from those financial statements. Where an investor is sophisticated, such as Mr. Rifkin has shown himself to be, he would have his sophistication thrown up as a defense to his claims as to the interpretation of financial statements. But it makes no difference if you are the most or least knowledgeable investor in the market if facts are omitted or misrepresented in financial statements. It is impossible to arrive at a sound decision whether or not to invest if material facts are omitted or misrepresented.

The Court finds as to these claims the questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members and that the best method for handling the claims of the class members would be through the use of a class action.

There has been no real dispute between the parties but that joinder of all class members would be impractical and that Plaintiff is an adequate class representative. The Court after a review of the facts agrees.

Plaintiff is requested to propose the necessary orders and notices defining the class in the light of this opinion.

1. 574 F.2d 256.