**Judith RUBENSTEIN and Howard Greenwald, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**J. Patrick COLLINS, William H. Hitchcock, Greg L. Armstrong, William C. Egg, Jr., Phillip D. Kramer, Michael R. Patterson, Thomas H. Delimitros, and Plains Resources, Inc., Defendants.**

Civ. A. Nos. H–92–1297, H–93–2305.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 3, 1995.

Richard Bemporad, Lowey Dannenberg Bemporad & Selinger, P.C., New York City, Richard Bruce Drubel, Jr., Susman & Godfrey, Houston, TX, for plaintiffs Judith Rubinstein and Howard Greenwald.

Richard Bruce Drubel, Jr., Susman & Godfrey, Houston, TX, for plaintiff Gloria Moroson.

Gregory P. Joseph, Fried Frank Harris Shriver & Jacobson, New York City, Gerard G. Pecht, Fulbright & Jaworski, Houston, TX, for defendants J.B. Collins, William M. Hitchcock, Greg L. Armstrong, William C. Egg, Jr., Phillip D. Kramer, Michael R. Patterson, Thomas H. Delimitros, Plains Resources Inc.

## *ORDER*

HOYT, District Judge.

For the reasons set forth in the United States Magistrate Judge's Memorandum and Recommendation, signed on June 27, 1995, it is

ORDERED that said Recommendation be and the same is hereby adopted as the Court's Memorandum and Order. It is therefore

ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion To Certify Class Action (# 50) is GRANTED.

The Clerk shall enter this Order.

## *MEMORANDUM AND RECOMMENDATIONS*

BOTLEY, United States Magistrate Judge.

Pending before the Court is Plaintiffs' Motion To Certify Class Action (# 50). After reviewing the pleadings and evidence, and considering the arguments of counsel and the applicable law, the Court makes the following recommendations.

### I. *History and Background*

This action was originally instituted by Judith Rubenstein ("Rubenstein") and Howard Greenwald ("Greenwald"), seeking damages as a result of Defendant Plains Resources, Inc.'s ("Plains Resources") alleged violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b–5, promulgated thereunder by the Securities and Exchange Commission. Plaintiffs claim that Plains Resources violated these provisions by the issuance of misleading public statements concerning its financial condition and future business prospects, with respect to the development of certain natural gas reserves.

At the commencement of, and during the proposed class period (October 23, 1991 through April 13, 1992), plaintiffs claim that defendants engaged in a grand scheme de-

signed to deceive the public into buying stock in Plains Resources. Plaintiffs further allege that defendants held investors' interest in the company by misrepresenting the natural gas reserves true viability, and that the defendants artificially inflated the market price of Plains Resources' common stock during the proposed class period, causing plaintiffs and other members of the class to purchase Plains Resources common stock at inflated prices. Finally, plaintiffs allege that defendants were in possession of material, adverse information about Plains Resources and its prospects, while continuing to sell over 900,-000 shares of Plains Resources common stock at artificially inflated prices and yielding more than $13,500,000 in revenues. As a result, plaintiffs contend that they are victims of defendants' misrepresentations, having paid more for the stock than was justified and having lost future income. They seek relief under the aforementioned provisions.

## II. *The Applicable Law*

A class action may be established if (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact concerning the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, *and* (4) the interests of the class will be fairly and adequately protected by the representative parties. Fed.R.Civ.P. 23(a). A class action may be maintained if all of the above prerequisites are met, and the Court finds (1) inconsistent standards of conduct may be established by inconsistent judgments, or (2) adjudications with respect to individual class members would be dispositive of the interests of other members not parties to the adjudication or substantially impair their ability to protect their interests, or (3) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thus making final relief to the class as a whole appropriate, or (4) the questions of law or fact common to the class members predominate over any questions affecting individual members, and a class action is superior to other methods of adjudication for fairness and efficiency of the controversy. Fed.R.Civ.P. 23(b)(1)-(3).

To prevail on a claim to proceed as a class action as being superior to other methods of adjudication, the Court must consider (1) the interest of class members in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already commenced by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in a particular forum, and (4) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3)(A-D).

The party seeking class certification has the burden of proving that all the prerequisites set forth in Rule 23 have been met. *Manning v. Princeton Consumer Discount Co.*, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976). The Court cannot properly consider the merits of a claim until the threshold issue of whether a class should be certified is resolved, thus the Court should look only to the facts which go to the prerequisites of class certification and should not consider those which go to the merits of the claim. *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980). *See also Sosna v. Iowa*, 419 U.S. 393, 398-399, 95 S.Ct. 553, 556, 42 L.Ed.2d 532 (1975).

The decision to certify a class is left to the discretion of the court. *Zeidman v. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038, 1039 (5th Cir.1981). *See also Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468 (5th Cir.1986). In certifying a class, the Court should consider that certification is conditional and may be modified or vacated as the case progresses toward resolution on the merits. Fed.R.Civ.P. 23(c)(1)-(4), *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). *See also Watson v. Fort Worth Bank & Trust*, 798 F.2d 791 (5th Cir.1986) Judgment vacated on other grounds, 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). Accordingly, if the Court errs, the Court should err in favor of the maintenance of a class action because if at any point the Court should decide a class action is not plausible, the suit may be con-

verted to individual actions. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). *See also Payne v. Travenol Laboratories, Inc.,* 673 F.2d 798 (5th Cir.1982).

## A. *Numerosity*

In order to fulfill the numerosity requirement, the proposed class must be so numerous that joinder of all members is impracticable. The defendants do not contest the numerosity requirement of Rule 23(a). An estimated 17,000,000 shares were publicly traded during the proposed Rubenstein period and an estimated 12,000,000 traded during the proposed Moroson period. The parties agree that the number of class members could extend into the thousands.

## B. *Commonality*

To meet the commonality requirement, the questions of law and fact must be common to all members of the proposed class. The defendants do not contest the commonality requirements of Rule 23(a). The questions of law and fact common to the members of the proposed class include:

(a) Whether defendants violated the federal securities laws by participating in the acts alleged in the original complaint;

(b) Whether press releases, reports and other statements publicly disseminated and or filed with the SEC by defendants were materially false and misleading or omitted and/or misrepresented material facts;

(c) Whether defendants acted knowingly or recklessly in disseminating materially misleading information or withholding material facts;

(d) Whether defendants participated in and pursued the common course of wrongful conduct complained of in the actions;

(e) Whether the market prices of Plains Resources common stock during the class periods were artificially inflated due to defendants' non-disclosures and/or misrepresentations; and

(f) The extent of injuries sustained by members of the classes and the appropriate measure of damages.

## C. *Typicality*

In order to meet the typicality requirement of Rule 23(a), it must be shown that the claims of the named plaintiffs are typical of the claims an individual class member would assert in this case. Plaintiffs contend that the potential class members are of the same status and will assert substantially the same claims as those of the class; namely, those claims being (1) a failure to supplement or otherwise correct statements when subsequent events rendered those prior statements misleading, (2) Plains Resources artificially inflated the market price of its common stock during the class period as a result of the foregoing, and (3) Plains Resources caused plaintiffs and other members of the class to purchase Plains Resources common stock at inflated prices.

Contrarily, defendants claim that Plaintiffs Rubenstein and Greenwald are atypical of the proposed plaintiff class. They contend that because Rubenstein is a stockbroker, she is a highly sophisticated investor. They assert that by nature of her profession, she knew enough about the securities business to recognize that despite Plains Resources' optimistic reports and use of cautionary language, investing in Plains Resources was risky. She could have relied upon her own expertise to evaluate the riskiness of investing in Plains Resources before she sustained a loss. They seriously doubt that Rubenstein "bought the stock in blind reliance upon Plains Resources supposed touting of the field".

In addition, defendants claim that Greenwald is a professional plaintiff, as he has been party to several previous securities litigations, making him atypical of the proposed class. Also, while Greenwald is merely a private investor, they affirm that his experience with the securities field through litigation deems him more sophisticated than the average private investor who has rarely, if ever, participated in securities litigation.

The Court rejects defendants' arguments. The various levels of sophistication that Rubenstein and Greenwald may or may not exhibit have no bearing on whether, they would have known in advance that an invest-

ment would materialize into a good or bad one. Further, it is established that

It makes no difference if you are the most or least knowledgeable investor in the market if facts are omitted or misrepresented in financial statements. It is impossible to arrive at a sound decision whether or not to invest if material facts are omitted or misrepresented.

*Rifkin v. Crow*, 80 F.R.D. 285, 286 (N.D.Tex. 1978).

Also, Greenwald and Rubenstein's claims are typical of the proposed class claims because they invested in Plains Resources as private citizens, just as the potential class members did. The proposed class will be comprised of private citizens; therefore Greenwald and Rubenstein are typical of the class. *Greenwald v. Integrated Energy, Inc.*, 102 F.R.D. 65, 69 (S.D.Tex.1984).

### III. *Adequacy of Representation*

■ Defendants also contend that neither Rubenstein nor Greenwald can adequately represent the proposed plaintiff class. Plaintiffs, to accomplish class certification, must prove they will fairly and adequately protect the interests of the class. Defendants suggest that because both Rubenstein and Greenwald bought their stock at different times, they may not be adequate representatives. In addition, Greenwald was an "in-and-out" buyer in that he bought and sold shares during the proposed class period, while Rubenstein was a "retention" buyer, in that she bought shares from an "in-and-out" buyer and kept them until the end of the class period. In furtherance of this "in-and-out" buyer versus "retention" buyer differentiation, they allege that this disunity of claims will create antagonism between the proposed class members because the class itself will be comprised of people with these supposedly distinguishing characteristics.

The Court rejects this argument. The simultaneous presence of a group of persons who bought stock before the price of the stock went down, and a group of persons who bought stock after the price of the stock went down does not preclude them from being part of the same class for class action purposes. Also "it follows that a definition of the class should include persons who have both bought and sold during the class period. Such potential conflict is not sufficient to preclude class certification." *In re LTV Securities Litigation*, 88 F.R.D. 134, 149 (N.D.Tex.1980). Therefore, both Rubenstein and Greenwald may serve as adequate representatives of the proposed class.

### IV. *Moroson's Adequacy*

■ In order to satisfy the adequacy requirement for Rule 23(a)(4), the interests of the class must be fairly and adequately protected by the representative party. Fed. R.Civ.P. 23(a). Defendants claim that Gloria Moroson cannot adequately represent the class because she is unfamiliar with the details of the litigation, asserting, among other things, that she does not fully understand why she is a party to the action. Also, they assert that she does not know the names of the persons with whom she takes issue, and that her son suggested that she bring this action, making Ms. Moroson seem detached from the litigation. In addition, they claim that because of a stroke Moroson suffered prior to the commencement of the action, her short term memory is affected, deeming her an inadequate representative.

The Court disagrees with defendants' assessment of Moroson's ability to adequately represent the class. Class representatives are merely asked to have a general understanding of their position as plaintiffs with respect to the cause of action and the alleged wrongdoing perpetrated against them by the defendants. Further, "the named plaintiffs' lack of knowledge of [their company's] specific policies or the conduct of the litigation is not relevant to the question of the adequacy of class representative." *Ass'n of Flight Attendants v. Texas Int'l Airlines, Inc.*, 89 F.R.D. 52, 61 (S.D.Tex.1981). Also, an important part of the adequacy criteria is that the representative parties must vigorously and tenaciously prosecute the class claims through counsel." See *Gibb v. Delta Drilling Co.*, 104 F.R.D. 59, 75 (N.D.Tex.1984). Moroson has demonstrated that she possesses general knowledge of the nature of the litigation. She has also demonstrated that she will vigorously and tenaciously represent the proposed class through her counsel,

which has proven that they are competent in the area of securities litigation.

Lastly, plaintiff's unfortunate stroke has no bearing on her ability to represent the class. The Northern District of Ohio approved the participation of an elderly gentleman as class representative in a shareholder derivative case who had a stroke three years prior to the commencement of the litigation. The Court held that while the plaintiff had some difficulty producing an "appropriate" response, he was still capable of participating as a representative in the lawsuit. *Fradkin v. Ernst,* 98 F.R.D. 478, 481 (N.D.Ohio 1983). Moroson, in her depositions, has demonstrated an even higher level of coherence than the elderly man in this case. Therefore, the Court is confident that Moroson may adequately represent the proposed class.

### V. *Recommendations*

For the foregoing reasons, it is

RECOMMENDED that Plaintiffs' Motion to Certify Class Action (# 50) be granted. It is further

RECOMMENDED that this litigation proceed as a class action, with the following class of litigants:

1) The Rubenstein Class consisting of all buyers and sellers of Plains Resources, Inc., stock during the time period commencing October 23, 1991 and continuing through April 13, 1992, and

2) The Moroson Class consisting of all buyers and sellers of Plains Resources, Inc. stock during the time period commencing May 11, 1992 and continuing through August 14, 1992.

The Clerk will file this instrument and transmit a copy to each party or counsel. Failure to file written objections to the proposed findings/recommendations contained in this report within ten (10) days after the date of filing shall bar an aggrieved party from attacking the factual findings on appeal.

ENTERED at Houston, Texas this 27th day of June, 1995.