Houston, J.
This matter represents two consolidated actions.[3] The first was filed in Middlesex Superior Court alleging various counts arising out of the parties’ business dealings regarding an insurance agency. One of these counts is a claim for collection on four promissory notes. The second was filed in Suffolk Superior Court. In that action, the spouse of a defendant to the first action alleged breach of fiduciary duty, constructive trust, fraudulent transfer and two counts of breach of contract as against a number of people engaged in the business dealings. She also requested an accounting and the appointment of a receiver. There are numerous counterclaims in both matters. This case is now before the court on a motion by certain defendants in the consolidated action[4] for summary judgment as to the promissory notes claim (Count IX) in the Middlesex action and as to breach of fiduciary duty, constructive trust and fraudulent transfer (Counts I, II, and III) in the Suffolk action. The court is also considering a cross motion for a continuance by plaintiff Joan Drepanos. For the reasons discussed below, the defendants’ motion for summary judgment is ALLOWED IN PART and DENIED IN PART and the plaintiffs cross motion for continuance is DENIED.
BACKGROUND
In Count IX of the Middlesex action, D. Faris Malouf asserts claims against Nicholas Drepanos as a jointly and severally liable maker of four promissory notes in the amounts of $480,684.80, $409,884, $446,832, and $402,464. These notes were executed on November 30, 1987 by Malouf, Drepanos, Larry Pauley, and William O’Connell, all jointly and severally liable, in both their individual capacity and as trustees of OM Realty. The notes were originally held by New England All Bank for Savings, which subsequently went into FDIC receivorship. The FDIC assigned all its rights and interests in the notes to PNL, Texas L.P. PNL began to pursue collection on the notes. In 1997, FIS Administrative Strategies obtained all of PNL’s rights and interest in the Notes. Pauley was President of FIS at this time. Subsequently, FIS sold all its rights and interest in the notes to Malouf on the condition that FIS, O’Connell, Pauley, and their affiliates would be released from any and all claims related to the notes. Malouf is now the holder of the promissoiy notes and has made demand upon Drepanos for payment. These facts are not in dispute.
Drepanos further alleges that when the parties established Benefit Planning Group Insurance Agency (“Benefit”) in 1994 for the general purpose of selling life insurance, the sales commissions earned by both Drepanos and Malouf were to be paid to Benefit and that, after the payment of expenses, the profits were to be paid to Drepanos and Malouf on an equal basis. Drepanos’ counterclaim in the Middlesex action states that Drepanos has not been paid commissions he is owed by Benefit. Further, Drepanos asserts that Malouf used funds belonging to Benefit to pay for the purchase of the notes Malouf seeks to enforce in Middlesex action Count IX. Drepanos therefore asserts that Benefit is the true holder of the notes and that because of this Drepanos no longer owes anything under them. Additionally, he alleges that even if Malouf is truly the holder, he cannot enforce the notes against Drepanos because they are co-makers.
The rest of the defendants’ motion for summary judgment is as to all counts in the underlying Suffolk action. The First Amended Complaint in that action was brought by Joan Drepanos (Drepanos’ wife) and Benefit “derivatively through its shareholder, Joan Drepanos, as Trustee of the Nicholas Drepanos 1994 Irrevocable Trust” against Malouf, Benefit, Planned Benefits Strategies Insurance Agency (“Planned Benefits" (another insurance agency in which Malouf holds ownership interest)), and four employees employed concurrently by both Benefit and Planned Benefits (Richard Gutowski, Sandra Almieda, Kevin *345 Harrington and Jennifer Harrington, collectively “the employees”).
The Suffolk complaint alleges Breach of Fiduciary Duty against Malouf (Count I) for his conduct in control of Benefit; Constructive Trust/Equitable Lien against Planned Benefits and the employees (Count II) for the disbursal of allegedly inappropriate wage payments; Fraudulent Transfer under G.L.c. 109A against Planned Benefits, Malouf and the employees (Count III) for the acts complained of in Counts I and II; Breach of Contract against Benefit (Count IV) regarding an alleged oral agreement between Drepanos and Benefit about Drepanos’ commissions to which Joan Drepanos was allegedly a beneficiary; Breach of Contract against Benefit (Count V) regarding an FDIC obligation Joan Drepanos alleges was a corporate obligation of Benefit for which her personal residence was used as collateral; and a Request for Accounting and Appointment of a Receiver for Benefit (Count VI).
DISCUSSION
I. Standard of Review
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
II. Application
A. Liability of Nicholas Drepanos under Promissory Notes (Middlesex Count IX)
Based on the undisputed facts of this matter, Drepanos and Malouf were co-makers of the promissory notes along with Pauley and O’Connell. The genuineness of Drepanos’ signature on the notes is not in dispute. It is likewise undisputed that Malouf paid valuable consideration to become the current holder of the notes and that in doing so he specifically released Pauley and O’Connell from all liability under them.
Disagreement arises as to what funds Malouf used to purchase the notes. Malouf claims he did nothing improper. Drepanos claims that Malouf used funds he derived from Benefit which rightfully should have been paid to Drepanos. Even if Drepanos is owed profits from Benefit and Malouf inappropriately obtained such funds, the remedy would be pursuing an action in tort or contract for the return of the funds to Benefit and their proper disbursal, not the cancellation of the promissory notes Malouf purchased with these funds.
Drepanos fails to cite any caselaw for the proposition that a co-maker on a note cannot be a legitimate holder in due course capable of enforcing the note against the other makers. This court is unaware of any such rule.
Based on the undisputed facts, this court finds Drepanos to be liable under the four promissoiy notes to their current holder, Malouf. The defendants’ motion for summary judgment as to Count IX of the Middlesex action is ALLOWED. The amount of damages owed for this liability, including the calculation of interest, may be established in an assessment of damages hearing.
B. Joan Drepanos’ Derivative Claims (Suffolk Counts I & II)
Counts I and II of the Suffolk action purport to bring derivative claims against Benefit on behalf of “its shareholder, Joan Drepanos, as Trustee.” The captioning of the Suffolk matter has changed officially once through the entry of an amended complaint.[5] The First Amended Complaint lists as official plaintiffs, “Joan Drepanos, individucdly, and Benefit Planning Group Insurance Agency, derivatively through its shareholder Joan Drepanos as Trustee of the Nicholas Drepanos 1994 Irrevocable Trust” (Emphasis in original.)
It is agreed by all parties that Joan Drepanos is neither a shareholder in Benefit nor a beneficiary of the Drepanos Trust. Benefit’s shares are divided between the Drepanos Trust and the D. Fails Malouf 1994 Irrevocable Trust. The initial Suffolk complaint in this action was filed March 16, 2000, the amended complaint on July 6, 2000. Joan Drepanos alleges and the defendants do not dispute for the sake of this motion that she was appointed as trustee of the Drepa-nos Trust on May 31, 2000.
In order to bring a derivative action against a corporate entity, a plaintiff must be a shareholder of the corporation in question. The shareholders of Benefit are the Drepanos Trust and the Malouf Trust. Neither is a party to the Suffolk action. Joan Drepanos initially brought the derivative claims, in this action inappropriately, asserting she was a beneficial shareholder when in fact she had no interest in the company. Only after it was discovered that Joan Drepanos would not be able to satisfy the requirements for standing was she named as the trustee of the Drepa-nos Trust. Such an appointment cannot spontaneously draw a new party into the suit. Had the caption of the first amended complaint read, “Joan Drepanos, individually, and Benefit Planning Group Insurance Agency, derivatively through its shareholder, the Nicholas Drepanos 1994 Irrevocable Trust, by its Trustee, *346 Joan Drepanos,” the question might be a closer one. As it stands, the Drepanos Trust is simply not a parly to this action and Joan Drepanos cannot initiate claims on its behalf without its presence.
Additionally, legitimate concerns have been raised as to the ability of Joan Drepanos to adequately represent the interests of the Drepanos Trust and, derivatively, Benefit. It is a general principle under Massachusetts law that a trustee has an overriding duly of undivided loyalty to the trust beneficiaries and should avoid obligations that might conflict with that duty. Jose v. Lyman, 316 Mass. 271, 278 (1944). Massachusetts Rules of Civil Procedure Rule 23.1 provides that a representative plaintiff may only maintain a derivative action if the plaintiff fairly and adequately represents the interests of similarly situated shareholders in enforcing a right of the corporation.[6] Because the representative shareholder seeks to protect interests that are broader than his or her own stake in the corporation, the representative stands in a fiduciary relationship with the corporation and the other shareholders. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 548 (1949). The Drepanos Trust may well be capable of standing in such a fiduciary relationship, but not if Joan Drepanos is acting as its representative.
For a plaintiff to be a fair and adequate representative, the plaintiff must have the capacity to vigorously and conscientiously prosecute a derivative suit and must not have interests that are antagonistic to those of the other shareholders, the Malouf Trust in this case. Shamrock Assocs. v. Horizon Corp., 632 F.Sup. 566, 570-71 (S.D.N.Y. 1986). The following factors bear on the adequacy of the representative plaintiff, and in this matter, on the representative plaintiffs legal representative in court as embodied by Joan Drepanos:
1) Economic antagonism between the representative and the class;
2) The remedy sought by the plaintiff in the derivative action;
3) Indications that the named plaintiff was not the driving force behind the litigation;
4) Plaintiffs unfamiliarity with the litigation;
5) Other litigation pending between the plaintiff and the defendants;
6) The relative magnitude of the plaintiffs personal interest in matters beyond the scope of the derivative action, as compared to his or her interest in the derivative action;
7) The plaintiffs vindictiveness towards the defendants;
8) The degree of support the plaintiff receives from the other shareholders that he or she purports to represent.
Davis v. Comed, 619 F.2d 588, 593-94 (6th Cir. 1980); see also, G.A. Enters, Inc. v. Leisure Living Communities, Inc., 517 F.2d 24, 26 (1st Cir. 1975) (finding that cases interpreting Fed.R.Civ.P. 23 may be used to analyze the requirements of Fed.R.Civ.P. 23.1).
Applying these factors to this matter, this court finds that Joan Drepanos’ ability to represent the interests of both the Drepanos Trust and Benefit is compromised by economic antagonism amongst all three entities, by the pendancy of her other claims against Benefit for significant sums of compensation and her vindictiveness towards Benefit’s primaiy officer, Malouf. Additional complications arise through consideration of Joan Drepanos’ husband’s pending Middlesex action, discussed in brief in the introduction above. It is clear that Joan Drepanos does not have the support of the other Benefit shareholder in the action against Benefit (the Malouf Trust); as the Drepanos Trust is not even properly a party, it remains unclear as to whether her suit even has the support of the purported representative plaintiff. For all of these reasons, without deciding whether the Drepanos Trust could be an adequate representative in its own derivative suit, this court deems Joan Drepanos to be conclusively inadequate to represent Benefit’s interests in this matter and therefore the interests of the Drepanos Trust. Owen v. Modern Diversified Industries, Inc., 643 F.2d 441, 443-44 (6th Cir. 1981) (plaintiffs real concern was to protect debt investment of $34,900 rather than de minimis stock investment, which created adverse interest of sufficient magnitude that the plaintiff could not fairly or adequately represent shareholders).
Finally, though Joan Drepanos has adequately alleged that demand for relief from Benefit would be futile, and satisfied this Court with the particularity of her allegations of fraud, the defendants accurately object to Counts I and II on the grounds that they are not verified by oath as required by Mass.R.Civ.P.23.1. Such a failure on its own is sufficient grounds on which to grant summary judgment.
The defendants’ motion for summary judgment as to Counts I and II of the Suffolk action is therefore ALLOWED.
C. Joan Drepanos’ Individual Claims — Fraudulent Transfer — Breach of G.L.c. 109A (Suffolk Count III)
Chapter 109A of the General Laws (the Uniform Fraudulent Transfer Act) makes certain conveyances fraudulent when they are made with intent to defraud creditors or where they are constructively fraudulent as to creditors. There are three approaches to proving such a claim.
A conveyance will be considered fraudulent as to a pre-existent creditor 1) without regard to intent if it renders the grantor insolvent and fair consideration has not been received (G.L.c. 109A, §4); 2) when the grantor is engaged in or is about to engage in business *347 for which the property remaining after the conveyance is unreasonably small capital and fair consideration has not been received (G.L.c. 109A, §5); or 3) if the conveyance is made or obligation incurred with the actual intent to hinder, delay, or defraud creditors (G.L.c. 109A, §7). In the third scenario, it is a long-established rule that the grantee’s knowledge of the grantor’s fraudulent intent must be shown to void the transfer if valuable consideration was in fact received. Kimball v. Thompson, 58 Mass. (4 Cush.) 447 (1849).
The plaintiff had alleged facts sufficient to survive summary judgment as to her claims of fraudulent transfer against Planned Benefits and Malouf. As to allegedly fraudulent transfers to the employees, the plaintiffs claims must fail.
The facts as alleged state that the employees received wage payments from Benefit while simultaneously working for Planned Benefits. They were, therefore, paid for their labor, an exchange for valuable consideration, even if allegedly they should have been paid by a different closely held corporation. Since consideration was exchanged, the only scenario that might constitute a fraudulent transfer as regards the employees is the third, wherein the grantor and grantee share the intent to hinder, delay, or defraud creditors.
Whether the grantee has knowledge of the grantor’s fraudulent purpose may be shown by direct or circumstantial evidence. The first amended complaint, however, at no point alleges any facts from which this Court may even circumstantially conclude that the employees had knowledge of Malouf s allegedly fraudulent intent in paying them their wages.
For these reasons, defendants’ motion for summary judgment as to Count HI is ALLOWED as to defendants Gutowski, Almieda, Kevin Harrington, and Jennifer Harrington and DENIED as to defendants Planned Benefits and Malouf.
D. Personal Jurisdiction over Defendant Almieda
Because this Court has allowed summary judgment as to all counts against defendant Almieda on other grounds, the question of personal jurisdiction need not be addressed.
E. Joan Drepanos’ Request for Continuance
Given this Court’s delay in reaching this motion in deference to the parties continuing settlement negotiations, the plaintiffs’ request for a continuance is DENIED as moot.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion by D. Faris Malouf for summary judgment as to Count IX of Middlesex complaint number 99-5861 is ALLOWED.
It is further ORDERED that the motion by D. Faris Malouf, Sandra Almieda, and Richard Gutowski for summary judgment as to Count I and II of Suffolk complaint number 00-1135 is ALLOWED as to all defendants; summary judgment as to Count III of Suffolk complaint number 00-1135 is ALLOWED as to defendants Richard Gutowski, Sandra Almieda, Kevin Harrington, and Jennifer Harrington and DENIED as to defendants Planned Benefits Strategies Insurance Agency and D. Faris Malouf.
It is further ORDERED that Joan Drepanos’ cross-motion for a continuance is DENIED.

Benefit Planning Group Agency, Inc. v. Drepanos (Middle-sex Superior Court Civil Action No. 99-5851), and Drepanos v. Malouf (Suffolk Superior Court Civil Action No. 00-1135).

D. Faris Malouf, Sandra Almieda and Richard Gutowski. The captioning of the consolidated action transforms the plaintiffs in the original Middlesex action into defendants and vice-versa.

Unauthorized variations on the captioning appear on a variety of papers by the parties.

M.R.C.P. Rule 23.1, with some minor changes irrelevant to the matter before us, is identical to Federal Rule 23.1. For this reason, federal case law is illuminating.